# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1902 AGF |
| | ) | |
| OFFICER PAUL C. ANDERSON, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William D. Edwards (registration no. 1017194), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this complaint pursuant to 42 U.S.C § 1983 asserting violations of his civil rights. He names St. Louis City Police Officer Paul C. Anderson and Chief John Morris as defendants in this action. And he is suing defendants in their individual and official capacities.

Plaintiff claims that in early July of 2014, he was driving his car along Woodson road in the City of St. John when he noticed traffic moving slowly. He asserts that, after receiving a call from his wife, he made a U-turn and proceeded back toward the City of St. Louis. Plaintiff alleges that, as he approached Goodfellow Boulevard, Officer Anderson rammed into the back of his car, forcing him to move into the path of North and South-bound traffic. Plaintiff states that at this time, Champ Shawnte's car collided into his read-side panel.

Plaintiff alleges that defendant Anderson acted willfully and maliciously, and that these acts resulted in plaintiff sustaining a broken pelvis and a broken fibula, requiring surgery. Plaintiff asserts that Chief Morris should be held liable for defendant Anderson's actions because he was Anderson's employer and responsible for his training.

Plaintiff seeks $1.5 million in damages.

## Discussion

Plaintiff's claims are legally barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and therefore subject to dismissal.

A review of Missouri.Case.Net shows that a complaint was filed against plaintiff in St. Louis City Court relative to the events on July 6, 2014. *State v. Edwards*, No. 1422-CR02617 (22nd Judicial Circuit, St. Louis City Court).

At that time, a warrant was issued for plaintiff's arrest, and bond was set in an amount of $50,000. The following charges were filed against plaintiff relative to the incident: two counts of Assault in the Second Degree relating to his reckless driving; Armed Criminal Action; Driving with a Revoked License; and Resisting Arrest/Fleeing. After a bench trial, plaintiff was found guilty of each of the charges, and he was sentenced to thirty (30) years imprisonment in the Missouri Department of Corrections. *State v. Edwards*, No. 1422-CR02617-01 (22nd Judicial Circuit, St. Louis City Court). Plaintiff appealed the conviction and sentence, and the sentence was affirmed on appeal. *See Edwards v. State*, No. ED104090 (Mo.Ct.App. 2017). The Court of Appeals succinctly set forth the facts found at trial in its opinion:

> On July 5, 2105, Sergeant Paul Anderson (Sergeant Anderson) was working at a DWI checkpoint, where it was his task to locate any vehicles turning around or trying to avoid the checkpoint before reaching it. He saw a dark-colored Mercury turn around before reaching the checkpoint and then accelerate away from the checkpoint at a high rate of speed. Sergeant Anderson immediately pulled into the street behind the Mercury, activated his lights and sirens, and attempted to stop the vehicle. The driver of the Mercury, later identified to be Defendant, did not stop.
>
> Sergeant Anderson followed the Mercury and observed it go through a red light without stopping, traveling at speeds up to 70 miles per hour on a street with a speed limit of 30 miles per hour. After turning onto a different street, the Mercury reached speeds of 90 miles per hour and was crossing over the center lane of the road. Defendant drove the car through another red light while on the left side of the road. At one point, Defendant had to stop the Mercury due to traffic backed up at a red light. Sergeant Anderson pulled up behind the Mercury, exited the police vehicle, walked over to the Mercury, and attempted to take Defendant into custody. The driver's side door handle of the Mercury was locked, and Defendant continued trying to move the vehicle around traffic. The stoplight turned green and traffic started to flow again, so Sergeant Anderson returned to his police vehicle and continued following Defendant.
>
> As Sergeant Anderson was following Defendant eastbound at a speed of approximately 74 miles per hour, he saw Defendant go through a red light at an

intersection without attempting to stop. Another vehicle came through the intersection from the south at the same time and collided with the Mercury. Defendant's vehicle spun to the north, up onto a sidewalk and into a yard, struck a tree, and became tangled with a fence. The other vehicle spun eastbound, rolled a bit south, and came to rest against the curb.

Sergeant Anderson saw Defendant inside his vehicle trying to get out through the front passenger door. When Defendant saw Sergeant Anderson he tried to go back into the vehicle. Sergeant Anderson was able to put one handcuff on Defendant, and backup officers arrived and helped get Defendant out of the vehicle. Sergeant Anderson and some other officers went to the other vehicle and saw two women, neither of whom were moving. The driver, Pierra Hathaway (Hathaway), was hanging out of the driver's side door where the window was broken. Sergeant Anderson did not have any contact with the passenger, Shawnte Champ (Champ).

Hathaway's mother, Maria Fonville (Fonville), testified at Defendant's trial that she received a call from the hospital that night regarding her daughter. Fonville went to the hospital and found Hathaway in a coma with a bolt driven into her brain. Hathaway was in a coma for three weeks, and her condition at the time of trial was that she had sustained a spinal cord injury and brain damage, leaving her with the cognitive ability of a 10-year-old. At the time of trial, Hathaway had to use a walker to get around, and she was no longer able to take care of her two children or provide any income for her family as she had previously. At trial, Champ testified that she was not able to remember the moment of impact, but she testified that she suffered a lacerated spleen, a broken wrist, a broken jaw, and head injuries because of the accident.

*Edwards v. State*, No. ED104090 (Mo.Ct.App.2017).

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

As plaintiff has been found guilty of the crimes for which he is seeking damages in this action, the Court must dismiss his case as barred by *Heck*.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of February, 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE